**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER ORLANDO MANCIA GUERRERO,<br><br>        Petitioner,<br><br>   v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | No. 13-74379<br><br>Agency No. A095-731-757<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

    Walter Orlando Mancia Guerrero, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for withholding of removal and protection under the Convention

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's determination that Mancia Guerrero failed to establish he was persecuted or that it is more likely than not he would be persecuted on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (under the REAL ID Act, applicant must prove that a protected ground is at least 'one central reason' for persecution); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) ("since the statute makes motive critical, he must provide *some* evidence of it, direct or circumstantial") (emphasis in original). Thus, Mancia Guerrero's withholding of removal claim fails. *See Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010).

Substantial evidence also supports the agency's denial of Mancia Guerrero's CAT claim because he failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in El Salvador. *See Silaya*, 524 F.3d at 1073. We reject his contention that the BIA did not consider his claim properly.

**PETITION FOR REVIEW DENIED.**